**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 26-cv-02862-RMR

WUILIAN PATRICIO VILLA MACAO,

Petitioner,

v.

Warden of the Denver Contract Detention Facility (Aurora ICE Processing Center),

Respondents.

---

**ORDER**

---

Petitioner Wuilian Patricio Villa Macao ("Petitioner") is currently detained at the Aurora Detention Center. ECF No. 4 at 1-2. He filed his Amended Petition for Writ of Habeas Corpus ("Petition") on July 14, 2026. ECF No. 4. Respondent filed a response on September 14, 2026. ECF No. 14.[1] Petitioner proceeds pro se and his filings are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

Petitioner is non-citizen who has been detained for at least eight months. ECF No. 4 at 2. Petitioner alleges an immigration judge ordered his removal on December 18,

[1] The Court notes that Respondents' Response bears the caption of a different case. Because the Response was field in this action and addressed the arguments raised in Petitioner's Petition, the Court treats the incorrect caption as a clerical error and construes the filing as the Response to Petitioner's Petition. The Court cautions Respondent to exercise greater care in reviewing future filings to ensure that they bear the correct case caption.

2025. *Id.* On January 20, 2026, Petitioner appealed the removal decision to the Board of Immigration Appeals ("BIA"), and the appeal remains open and pending. *Id.* Petitioner has been detained ever since without meaningful custody review. *Id.* Petitioner contends he is improperly detained and seeks immediate release or, in the alternative, require Respondent to provide Petitioner with a meaningful individualized bond hearing at which the government must prove by clear and convincing evidence that detention is warranted. *Id.* at 12-13. The relief requested by Petitioner and the legal claims and arguments upon which it's premised, are familiar to the Court and the parties. Respondent "is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." ECF No. 14 at 1. Respondent submits that if the Court grants the Petition, "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." *Id*.

Given this response, the Petition is granted. With respect to the appropriate relief, this Court has previously granted similar petitions and ordered Respondents to provide those petitioners with a bond hearing where the "Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified." *See Tzompa Garcia v. Baltazar*, No. 26-CV-2713-RMR, 2026 WL 2240137, at *1 (D. Colo. Aug. 4, 2026); *see also A.A.G.R. v. Baltazar*, No. 26-CV-02344-RMR, 2026 WL 2110577, at *2 (D. Colo. July 22, 2026). Several of these bond hearings were not compliant with the Court's orders, specifically with respect to applying the "clear and convincing" standard. *Tzompa Garcia*,

2026 WL 2240137, at *3; *A.A.G.R.*, 2026 WL 2110577, at *3. Other courts in this District have also expressed "concern[] that the immigration courts are not affording immigrants fair bond hearings," as "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons,* 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2025); *see also Quiroz Zacarias v. Mullin,* 2026 WL 1092162, at *4-*5 (D. Colo. Apr. 22, 2026); *see also Asfir v. Blanche*, No. 26-cv-01435-GPG (D. Colo. July 2, 2026). Given this reality, the Court finds Petitioner's immediate release is the appropriate remedy. *See Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 (contemplating the district court should "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him.").

## CONCLUSION

For the reasons set forth above, IT IS ORDERED that:

1. The Amended Petition for Writ of Habeas Corpus (ECF No. 4) is **GRANTED**;
2. Respondents shall **IMMEDIATELY RELEASE** Petitioner on his own recognizance, along with all his personal belongings, without onerous conditions of release, including, without limitation, GPS monitoring, mandatory reporting, or other restrictions on his movement. Respondent shall facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;
3. Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond

hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified pursuant to 8 U.S.C § 1226(a). At any such bond hearing, Respondent shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

4. During such periods of time as Petitioner remains in Respondent's custody, Respondent shall continue to be **ENJOINED** from removing, transferring, or causing the removal or transfer of Petitioner from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;
5. On or before **September 25, 2026**, Respondents shall file a status report certifying compliance with this Order.

DATED: September 18, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge